IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel R. McClain, | ) | C/A No. 0:18-3081-MBS-PJG |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Warden, *Turbeville Correctional Institution*, | ) | |
| Respondent. | ) | |

The petitioner, Daniel McClain, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on McClain's motion to recuse the assigned magistrate judge. (ECF No. 9.) Finding no basis for recusal, the court denies McClain's motion.

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-

---

[1] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.



informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious." In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under § 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

Subsection (b) of § 455 further provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. Liteky v. United States, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring). Pertinent here, § 455(b)(1) disqualifies a judge "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cty., 235 F.3d 1000, 1025 (7th Cir. 2000). Moreover, the United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial

PJG

source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky, 510 U.S. at 555 (citation omitted).

Here, McClain argues that he has "no faith" in the assigned magistrate judge based on her rulings in his prior case. McClain also alludes to an unspecified "conflict of interest[]" and argues that the assigned magistrate judge has failed to provide him with "immediate relief" with regard to his current medical situation. Additionally, McClain argues that venue should be changed so that he can have different judges assigned to his case. Importantly, McClain points to no extrajudicial source of bias or prejudice. Moreover, as stated above, mere disagreement with judicial rulings and unsupported allegations of bias are insufficient to warrant recusal. Accordingly, it is

**ORDERED** that McClain's motion to recuse is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 18, 2019
Columbia, South Carolina