IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Daniel R. McClain, ) | |
| ) | C/A No. 0:18-cv-3081-MBS |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Warden, Turbeville Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Daniel R. McClain is a prisoner in custody of the South Carolina Department of Corrections who currently is housed at Turbeville Correctional Institution. On November 14, 2018, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation and several related orders.

**BACKGROUND**

In August 1999, Petitioner was indicted in Richland County for two counts of assault and battery with intent to kill and, in April 2000, for possession of a firearm during the commission of a violent crime. ECF No. 14-1. A jury convicted Petitioner of assault and battery with intent to kill ("ABWIK"), assault and battery of a high and aggravated nature ("ABHAN"), and possession of a firearm during the commission of a violent crime. ECF No. 14-2 at 315. The circuit court sentenced Petitioner to a prison term of twenty years for ABWIK, a concurrent

prison term of ten years for ABHAN, and a consecutive prison term of five years for the weapons charge. ECF No. 14-2 at 331-32.

Petitioner timely appealed and was represented by an attorney from the South Carolina Office of Appellate Defense, who filed an *Anders* brief on Petitioner's behalf. ECF No. 14-3. Petitioner filed a *pro se* response to the *Anders* brief. ECF No. 14-4. On February 14, 2002, the South Carolina Court of Appeals dismissed Petitioner's appeal. *State v. McClain*, Op. No. 2002-UP-113 (S.C. Ct. App. Feb. 14, 2002); ECF No. 14-6. The remittitur was issued on March 19, 2002.

On May 8, 2002, Petitioner filed a "Petition for Original Jurisdiction" with the South Carolina Supreme Court. ECF No. 14-8. On June 12, 2002, the Supreme Court dismissed Petitioner's filing pursuant to *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991). ECF No. 14-9. Petitioner filed a motion for reconsideration, which the South Carolina Supreme Court denied by order dated June 27, 2002. ECF No. 14-10.[1]

Petitioner filed a *pro se* application for post-conviction relief ("PCR") on February 18, 2003. *McClain v. State of South Carolina*, 2003-CP-40-0884; ECF No. 14-12. On June 2, 2005, the PCR court held a hearing at which Petitioner was represented by counsel. On September 22, 2005, the court issued a written order dismissing the PCR application with prejudice for failure to prosecute and noting that during the hearing, Petitioner had acted "loud, belligerent, and completely uncooperative" and had "continued to loudly berate all around him, claiming he was

---

[1] Petitioner ultimately filed six requests for relief with the South Carolina Supreme Court, which dismissed each one under *Key v. Currie*. ECF No. 14-11. In an order dated July 23, 2018, the Court directed the Clerk "not to accept any further filings in [the] case," and warned Petitioner that "if he continues to make unwarranted requests under Rule 245, SCACR, this Court may impose restrictions on future filings by him." *Id.*

in too much pain from an injury to his toe to do anything until he was seen by a doctor." ECF No. 14-13 at 1.

Petitioner filed the pending petition for writ of habeas corpus ("Petition") on November 8, 2018, more than thirteen years after his PCR application was denied. In the Petition, he raises the following issues: lack of jurisdiction in General Sessions Court; violations of due process and equal protection; ineffective assistance of counsel; and allegations that officers of the court engaged in prejudicial fraud, conspiracy, and slander. ECF No. 1. Approximately one month after he filed the Petition, Petitioner filed a motion for recusal directed at Magistrate Judge Gossett and the undersigned. ECF No. 9. Respondent filed a response in opposition, ECF No. 11, to which Petitioner filed a reply, ECF No. 13.

On January 18, 2019, Respondent filed a motion for summary judgment and a return and memorandum in support thereof. ECF Nos. 14, 15. The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) ("*Roseboro*") directing Petitioner to file a response within 31 days and warning that failure to do so could result in dismissal of the Petition.[2] ECF No. 16. Petitioner thereafter filed a "motion for court injunction," ECF No. 18, to which Respondent filed a response in opposition, ECF No. 20. Petitioner immediately filed a "motion for court injunction, re-asserted," ECF No. 21, which the court refers to as the second motion for injunction, to which Respondent filed a response in opposition, ECF No. 31. Meanwhile, the court's *Roseboro* order was returned as undeliverable. ECF No. 19. The court reissued the *Roseboro* order, ECF No. 22; however, the order was again returned as

---

[2] The court issues a *Roseboro* order in cases prosecuted by *pro se* litigants in which the opposing party files a motion under Federal Rule of Civil Procedure 12 or 56. The order merely seeks to explain the nature of such motions and inform the *pro se* party as to the deadline for filing a response.

3

undeliverable, ECF No. 26.  On March 25, 2019, Petitioner submitted a notice of change of address, ECF No. 35, prompting the court to reissue the *Roseboro* order and other orders that had been returned as undeliverable, ECF No. 38.

On April 17, 2019, Petitioner filed objections to the *Roseboro* order, ECF No. 43, and a motion for "emergency injunctive relief," ECF No. 42, which the court refers to as the third motion for injunction.  On April 24, 2019, Petitioner filed a response to the motion for summary judgment, ECF No. 44, and an "'emergency' affidavit by motion for special master and investigation of SCDC," ECF No. 45.  Respondent filed a response to Petitioner's objections to the *Roseboro* order and a reply in support of its motion for summary judgment.  ECF No. 46. Respondent thereafter filed a response in opposition to the third motion for injunction, ECF No. 47, and a response in opposition to the motion for appointment of special master, ECF No. 49. On May 31, 2019, Petitioner filed a reply in support of his third motion for injunction, ECF No. 53, a reply in support of his motion for appointment of special master, ECF No. 54, and a reply in support of his objections to the *Roseboro* order, ECF No. 55.

On June 19, 2019, the Magistrate Judge denied Petitioner's motion for recusal as it pertained to her.  ECF No. 56.  The same day, she issued a Report and Recommendation recommending that the court grant the motion for summary judgment and deny Petitioner's motions for injunctive relief and for appointment of a special master.  ECF No. 57.  On July 1, 2019, Petitioner filed an objection to the order denying the motion for recusal, ECF No. 59, and an objection to the Report and Recommendation, ECF No. 60.

## DISCUSSION

**I.      Motion to Recuse**

The court first addresses Petitioner's motion that the undersigned recuse herself from this matter. Petitioner exclaims he "has no faith in this court," and that he "explicitly" requested in the cover letter to his Petition, "do not forward this filing to [Magistrate Judge] Gossett and/or [undersigned] . . . as they are already in contempt of court, which would lead to more conflict of interests as injustice." ECF No. 9 at 1. Petitioner refers specifically to a previous case over which the undersigned presided as District Judge and Judge Gossett presided as Magistrate Judge, *McClain v. Fate*, 0:15-cv-4516-MBS-PJG (D.S.C. Sept. 19, 2018). Petitioner asserts that in the previous case, "[t]here were numerous contentions of fraud raised in which both judges in question answered matters not within their authority which specifically challenged their competence, ethics, and legality of procedures they both repeatedly undermined repeatedly [sic]." ECF No. 9 at 1. He further asserts that the "failure of both judges to provide immediate relief in particular to the 'emergency' medical situation was/is beyond reprehensible," and that the "failure to order injunctions and investigations into SCDC's proven 'crime in progress' is beyond extraordinary just cause to recuse both judges . . . ." *Id.*

A judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The standard is an objective one and asks whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). A judge is disqualified from presiding over a case where she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1). However, to warrant disqualification, the alleged bias or prejudice "must stem from an extrajudicial source . . . other than what the judge learned

from [her] participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 545 n.1 (1994). Petitioner takes issue with the court's previous findings and rulings but cites to no extrajudicial source of bias or prejudice and, therefore, has stated no reason for the undersigned to recuse. Petitioner's motion, ECF No. 9, is denied.

## II. Magistrate Judge's Findings

### A. Motion for Summary Judgment

The Magistrate Judge reviewed the Petition pursuant to the rules governing § 2254 cases, 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other legal precedents, and found on her review of the record that the Petition is barred by the applicable statute of limitations. *Id.* at 12.

In reviewing the motion for summary judgment, the Magistrate Judge first addressed the timeliness of the Petition. She noted specifically that the record reflects that Petitioner's conviction became final on March 1, 2002 and that the one-year statutory deadline set forth in AEDPA expired March 1, 2003, "unless the period was at any time tolled for any properly filed state PCR application." *Id.* at 5-6. The Magistrate Judge noted that Petitioner filed his PCR application on February 18, 2003, at which point "353 days of non-tolled time had accrued" since the period of limitations had begun to run, and that the period of limitations was tolled during the pendency of the PCR action. *Id.* at 6. The Magistrate Judge further noted that the PCR court filed its order dismissing Petitioner's application on September 23, 2005. Petitioner did not appeal the order and, therefore, the order became final on October 23, 2005. *Id.* According to the governing law, Petitioner then had until November 5, 2005 to file a timely

federal habeas corpus petition. He did not file the instant Petition until November 8, 2018, approximately thirteen years later. *Id.* at 7.

The Magistrate Judge then addressed Petitioner's two arguments in response to Respondent's contention that the Petition is not timely. First, she noted that Petitioner appeared to contend that his Petition for Original Jurisdiction filed with the South Carolina Supreme Court was part of his direct appeal and that the Supreme Court erred in dismissing it pursuant to *Key v. Currie*. ECF No. 44 at 4-5. The Magistrate Judge noted, and the record reflects, that Petitioner did not file a petition for rehearing following the dismissal of his appeal by the South Carolina Court of Appeals. Instead, approximately three months later, on May 8, 2002, he filed the Petition for Original Jurisdiction with the South Carolina Supreme Court. As the Magistrate Judge observed, "it is clear that the South Carolina Supreme Court did not interpret McClain's filing as a properly filed appeal, and thus McClain's filing would not toll his statute of limitations." ECF No. 57 at 7. Moreover, she explained, "it does not appear from the record that McClain's pleading was filed within the time period permitted by Rule 221(a) of the South Carolina Appellate Court Rules." *Id.* at 7-8. She concluded, however, that the foregoing notwithstanding, "the additional tolled time of approximately five months would not have rendered McClain's federal Petition—filed over twelve years after the expiration of the limitations period—timely filed." *Id.* at 8.

Second, the Magistrate Judge considered Petitioner's contention that he filed his PCR application within one year of the date on which the South Carolina Supreme Court denied his motion for reconsideration of the denial of his Petition for Original Jurisdiction. ECF No. 57 at 8. The Magistrate Judge explained that such an argument "fails to address the timeliness of McClain's *federal habeas petition*." *Id.* (emphasis in original).

Finally, the Magistrate Judge addressed Petitioner's assertion that the South Carolina Supreme Court thwarted his attempts to file an appeal: "on the date of the 2nd destruction of the Notice of Revised Appeal . . . I was then convinced I had amassed as much evidence as I possibly could, which I believe restarted the clock for a Federal Habeas Corpus filing." *Id.* (quoting ECF No. 44 at 7). The Magistrate Judge reviewed the law governing application of equitable tolling and considered whether Petitioner, who is otherwise time-barred, had demonstrated "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* at 9 (citing *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)). In concluding that Petitioner had not made the necessary showing, the Magistrate Judge observed that "[t]he record is clear that McClain waited approximately thirteen years after the conclusion of his PCR proceedings to file his federal habeas petition." She determined that Petitioner's arguments that "he filed his PCR application within one year," and that "gathering evidence for his appeal 'restarted the clock'" could not advance his cause, "as it is well recognized that ignorance of the law does not warrant equitable tolling." *Id.* Accordingly, the Magistrate Judge recommends that the court grant the motion for summary judgment. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. *Id.* at 13.

**B.     Petitioner's Motions**

The Magistrate Judge also recommends that the court deny Petitioner's three motions for an injunction and motion for appointment of special master. The Magistrate Judge first noted that Petitioner's requests for unspecified injunctive relief appear unrelated to the issues raised in his Petition and are based rather on complaints regarding legal mail, access to grievance forms, and

8

the grievance system in general, and allegations regarding medical neglect, conditions of confinement, slander, and defamation. ECF No. 57 at 10-11. The Magistrate Judge also found that Petitioner failed to address much less establish the four elements necessary for an award of injunctive relief: (1) a likelihood that he will succeed on the merits of his action; (2) a likelihood he will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 11 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). For these reasons, the Magistrate Judge recommends that Petitioner's three motions for injunctive relief be denied without prejudice to Petitioner seeking such relief in separate lawsuits, should he so choose.

With respect to the motion to appoint a special master, the Magistrate Judge agreed with Respondent that such relief is not available to Petitioner. In so finding, she explained that Rule 53 of the Federal Rules of Civil Procedure, which permits the use of a master in certain civil cases, "has no application to habeas corpus matters because statutes prescribe[] the practice to be used in such proceedings." ECF No. 57 at 11-12 (citing *Holiday v. Johnston*, 313 U.S. 342 (1961)).

The court considers the Magistrate Judge's recommendations in turn below.

### III. The Court's Findings

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions to which there are no objections—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life and Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198,

9

200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). Additionally, the court reviews for clear error a magistrate judge's order on nondispositive motions. Fed. R. Civ. P. 72(a).[3] The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner timely filed objections to the *Roseboro* order, ECF No. 43, to the order on the motion to recuse as it pertained to the Magistrate Judge,[4] ECF No. 59, and to the Report and Recommendation, ECF No. 60. The *Roseboro* order and order on the motion to recuse are nondispositive orders and therefore are subject to a clearly erroneous standard of review. The Report and Recommendation is dispositive in nature and is therefore subject to a de novo standard of review to the extent "it has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Petitioner does not raise objections specific to the analysis set forth in the Report and Recommendation. Rather, Petitioner asserts that he "filed an appeal to the State Supreme Court following direct appeal which was actually [his attorney's] responsibility following his [attorney's] errors and the ct. of appeals [sic] blunder for not recognizing and ruling in favor of [his] pro se amended reply brief." ECF No. 60 at 2. Petitioner objects that the "Ct. of Appeals never directly answered the merits of [his] motion to dismiss, or constitutional claims," and the "State Supreme Court . . . failed to directly answer the merits of [his] motion(s) and constitutional claim(s)," and, therefore, "exhaustion could not have occurred." *Id.* at 2-3. Finally, Petitioner objects that "not

---

[3] Rule 72 defines nondispositive motions as a motion "not dispositive of a party's claim or defense."

[4] In his objections to the order on the motion to recuse, Petitioner asserts he has been "separated from [his] legal files," and "deprived access to law reference materials," and that the court "has never provided [him with] responses of court filings." ECF No. 59 at 1. To the extent Petitioner asserts he has been denied access to the courts, the docket reflects otherwise. However, should Petitioner wish to pursue such a claim, he may file a separate lawsuit under the appropriate statute.

only were there two PCR hearings (accepted as timely), both hearings were transparently fraudulent by neither attorney acquiring [the] records, therefore, the inordinate delays also led to a constitutional denial which was in fact later raised in the State Supreme Court . . . ." *Id.* at 3. Petitioner's objections are general and conclusory and, accordingly, the court reviews the Report and Recommendation for clear error only.

Upon review of the record the court finds that the Magistrate Judge did not err in the instructions she gave in the *Roseboro* order or in declining to recuse herself. The court further finds that the Magistrate Judge did not err in determining that the applicable statute of limitations bars the Petition and that equitable tolling does not apply. Accordingly, the court concurs in the recommendation of the Magistrate Judge, ECF No. 57, and incorporates the Report and Recommendation herein by reference. The motion for summary judgment, ECF No. 15, is granted. Petitioner's petition for a writ of habeas corpus is denied and dismissed, with prejudice. The motion for special master, ECF No. 45, is similarly denied. The motions for injunctive relief, ECF Nos. 18, 21, 42, are denied without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: August 5, 2019
Charleston, South Carolina